MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DOMINGO ROBERTO RAMIREZ
CLEMENTE, *individually and on behalf of*
*others similarly situated,*

                *Plaintiff*,

        -against-

EAST SIDE PIZZA CORP.  (D/B/A LA MIA
PIZZA), H&A PIZZA CORP.  (D/B/A LA MIA
PIZZA), AMORE PIZZA CORP.  (D/B/A LA
MIA  PIZZA),  LA  MIA  PIZZA  &
RESTAURANT  CORP.   (D/B/A  LA  MIA
PIZZA), GAZAR & BATATES FOOD, INC.
(d/b/a LA MIA PIZZA), HESHAM M ATTIA,
RICHARD  (A.K.A.  RICHIE)  ATTIA,
MOHAMED   MORSI,    ABDELLATIF
MAHMOUD, JIM HECKLER, and KHAIR
MUHANA,

               *Defendants.*
-------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b) AND RULE 23**
**CLASS ACTION**


**ECF Case**

       Plaintiff Domingo Roberto Ramirez Clemente ("Plaintiff Ramirez" or "Mr. Ramirez"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against East Side Pizza Corp.

(d/b/a La Mia Pizza), H&A Pizza Corp. (d/b/a La Mia Pizza), Amore Pizza Corp. (d/b/a La Mia

Pizza), La Mia Pizza & Restaurant Corp. (d/b/a La Mia Pizza), Gazar & Batates Food, Inc. (d/b/a

La Mia Pizza) ("Defendant Corporations"), Hesham M Attia, Richard (a.k.a. Richie) Attia,

Mohamed Morsi, Abdellatif Mahmoud, Jim Heckler, and Khair Muhana ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Ramirez is a former employee of Defendants East Side Pizza Corp. (d/b/a La Mia Pizza), H&A Pizza Corp. (d/b/a La Mia Pizza), Amore Pizza Corp. (d/b/a La Mia Pizza), La Mia Pizza & Restaurant Corp. (d/b/a La Mia Pizza), Gazar & Batates Food, Inc. (d/b/a La Mia Pizza), Hesham M Attia, Richard (a.k.a. Richie) Attia, Mohamed Morsi, Abdellatif Mahmoud, Jim Heckler, and Khair Muhana.

2.      Defendants own, operate, or control a pizzeria, located at 1580 1st Avenue, New York, NY 10028 under the name "La Mia Pizza."

3.      Upon information and belief, individual Defendants Hesham M Attia, Richard (a.k.a. Richie) Attia, Mohamed Morsi, Abdellatif Mahmoud, Jim Heckler, and Khair Muhana, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Ramirez was an employee of Defendants.

5.      Plaintiff Ramirez was employed as a delivery worker at the restaurant located at 1580 1st Avenue, New York, NY 10028.

6.      Plaintiff Ramirez was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing food, cleaning the bathroom and windows, making pizza boxes, tearing cardboard boxes and tying them together, taking out trash, stocking deliveries, stocking sodas and washing dishes (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff Ramirez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Ramirez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Defendants employed and accounted for Plaintiff Ramirez as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Ramirez at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Ramirez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Ramirez's actual duties in payroll records by designating them as a delivery worker instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff Ramirez at the minimum wage rate and enabled them to pay them at the lower tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Ramirez to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramirez and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Ramirez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Ramirez now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ramirez's state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a pizzeria located in this district. Further, Plaintiff Ramirez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Domingo Roberto Ramirez Clemente ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in New York County, New York.

20.     Plaintiff Ramirez was employed by Defendants at La Mia Pizza from approximately September 2017 until on or about February 25, 2018.

21.     Plaintiff Ramirez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled a pizzeria, located at 1580 1st Avenue, New York, NY 10028 under the name "La Mia Pizza."

23.     Upon information and belief, East Side Pizza Corp. (d/b/a La Mia Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1580 1st Avenue, New York, NY 10028.

24.     Upon information and belief, H&A Pizza Corp. (d/b/a La Mia Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1580 1st Avenue, New York, NY 10028.

25.     Upon information and belief, Amore Pizza Corp. (d/b/a La Mia Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1580 1st Avenue, New York, NY 10028.

26.     Upon information and belief, La Mia Pizza & Restaurant Corp. (d/b/a La Mia Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1580 1st Avenue, New York, NY 10028.

27.     Upon information and belief, Gazar & Batates Food, Inc. (d/b/a La Mia Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 1580 1st Avenue, New York, NY 10028.

28.     Defendant Hesham M Attia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hesham M Attia is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Hesham M Attia possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.     Defendant Richard (a.k.a. Richie) Attia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Richard (a.k.a. Richie) Attia is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Richard (a.k.a. Richie) Attia possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.     Defendant Mohamed Morsi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mohamed Morsi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mohamed Morsi possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.     Defendant Abdellatif Mahmoud is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Abdellatif Mahmoud is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Abdellatif Mahmoud possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.     Defendant Jim Heckler is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jim Heckler is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jim Heckler possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

33.     Defendant Khair Muhana is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Khair Muhana is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Khair Muhana possesses operational control over Defendant Corporations, an ownership interest in Defendant

Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

34.     Defendants operate a pizzeria located in the Upper East Side section of Manhattan in New York City.

35.     Individual Defendants, Hesham M Attia, Richard (a.k.a. Richie) Attia, Mohamed Morsi, Abdellatif Mahmoud, Jim Heckler, and Khair Muhana, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

36.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37.     Each Defendant possessed substantial control over Plaintiff Ramirez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ramirez, and all similarly situated individuals, referred to herein.

38.     Defendants jointly employed Plaintiff Ramirez (and all similarly situated employees) and are Plaintiff Ramirez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

39.     In the alternative, Defendants constitute a single employer of Plaintiff Ramirez and/or similarly situated individuals.

40.     Upon information and belief, Individual Defendants Hesham M Attia, Richard (a.k.a. Richie) Attia, Mohamed Morsi, Abdellatif Mahmoud, Jim Heckler, and Khair Muhana operate Defendant Corporations as either alter egos of  themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

  a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

  b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c) transferring assets and debts freely as between all Defendants,

  d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

  e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

  f) intermingling assets and debts of their own with Defendant Corporations,

  g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

  h) Other actions evincing a failure to adhere to the corporate form.

41.     At all relevant times, Defendants were Plaintiff Ramirez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Ramirez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Ramirez's services.

42.     In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

44.     Plaintiff Ramirez is a former employee of Defendants who was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

45.     Plaintiff Ramirez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Domingo Roberto Ramirez Clemente*

46.     Plaintiff Ramirez was employed by Defendants from approximately September 2017 until on or about February 25, 2018.

47.     Defendants ostensibly employed Plaintiff Ramirez as a delivery worker.

48.     However, Plaintiff Ramirez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

49.     Although Plaintiff Ramirez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

50.     Plaintiff Ramirez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

51.     Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

52.     Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

53.     From approximately September 2017 until on or about February 25, 2018, Plaintiff Ramirez worked as a delivery worker from approximately 11:00 a.m. until on or about 9:00 p.m., 6 days a week (typically 60 hours per week).

54.     Throughout his employment, Defendants paid Plaintiff Ramirez his wages in cash.

55.     From approximately September 2017 until on or about February 25, 2018, Defendants paid Plaintiff Ramirez a fixed salary of $350 per week.

56.     Defendants never granted Plaintiff Ramirez any breaks or meal periods of any kind.

57.     Plaintiff Ramirez was never notified by Defendants that his tips were being included as an offset for wages.

58.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ramirez's wages.

59.     Plaintiff Ramirez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Ramirez an accurate statement of wages, as required by NYLL 195(3).

62.     Defendants did not give any notice to Plaintiff Ramirez, in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.     Defendants required Plaintiff Ramirez to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a rain gear and expenses for bicycle maintenance.

*Defendants' General Employment Practices*

64.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramirez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

65.     Defendants required Plaintiff Ramirez and all the delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers. Plaintiff Ramirez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

66.     Plaintiff Ramirez and all other tipped workers were paid at a rate that was lower than the required tip-credit rate by Defendants.

67.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Ramirez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

68.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal

regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

69.     Plaintiff Ramirez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

70.     In violation of federal and state law as codified above, Defendants classified Plaintiff Ramirez and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

71.     Defendants failed to inform Plaintiff Ramirez who received tips that Defendants intended to take a deduction against Plaintiff Ramirez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

72.     Defendants failed to inform Plaintiff Ramirez who received tips, that his tips were being credited towards the payment of the minimum wage.

73.     Defendants failed to maintain a record of tips earned by Plaintiff Ramirez who worked as a delivery worker for the tips he received.

74.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

75.     Plaintiff Ramirez was paid his wages in cash.

76.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

77.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ramirez (and similarly situated individuals) worked, and to avoid paying Plaintiff Ramirez properly for his full hours worked.

78.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

79.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ramirez and other similarly situated former workers.

80.     Defendants failed to provide Plaintiff  Ramirez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

81.     Defendants failed to provide Plaintiff Ramirez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

82.    Plaintiff Ramirez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

83.    At all relevant times, Plaintiff Ramirez and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

84.    The claims of Plaintiff Ramirez stated herein are similar to those of the other employees.

## **FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

85.    Plaintiff Ramirez sues on his  own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

86.    Plaintiff Ramirez brings his New York Labor Law minimum wage, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the

complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Ramirez, are referred to herein as the "Class."

87.     The persons in the Class are so numerous that joinder of all members is impracticable.

88.     Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

89.     There are questions of law and fact common to the Class including:

   a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

   b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

   c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

   d)  Whether Defendants failed and/or refused to pay Plaintiff Ramirez the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

   e)  Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

   f)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

   g)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

90.     The claims of the representative parties are typical of the claims of the class. Plaintiff Ramirez and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

91.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

92.     The common questions of law and fact predominate over questions affecting only individual members.

93.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

94.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

95.     Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff Ramirez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Ramirez (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

97.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

99.     Defendants failed to pay Plaintiff Ramirez (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

100.    Defendants' failure to pay Plaintiff Ramirez (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiff Ramirez (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

102.    Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

103.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Ramirez (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

104.    Defendants' failure to pay Plaintiff Ramirez (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiff Ramirez (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

106.     Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

107.    At all times relevant to this action, Defendants were Plaintiff Ramirez's (and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Ramirez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

108.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Ramirez (and the FLSA and Rule 23 class members)less than the minimum wage.

109.    Defendants' failure to pay Plaintiff Ramirez(and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiff Ramirez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

111.   Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

112.   Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ramirez (and the FLSA and Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

113.   Defendants' failure to pay Plaintiff Ramirez (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

114.   Plaintiff Ramirez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

115.   Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

116.   Defendants failed to provide Plaintiff Ramirez with a written notice, in English and in Spanish (Plaintiff Ramirez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

117.   Defendants are liable to Plaintiff Ramirez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

118.   Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

119.   With each payment of wages, Defendants failed to provide Plaintiff Ramirez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

120.   Defendants are liable to Plaintiff Ramirez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

121.   Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

122.   Defendants required Plaintiff Ramirez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

123.    Plaintiff Ramirez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ramirez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramirez and the FLSA and Rule 23 Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramirez and the FLSA and Rule 23 Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ramirez's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Ramirez and the FLSA and Rule 23 Class members;

(f)     Awarding Plaintiff Ramirez and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Ramirez and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramirez and the FLSA and Rule 23 Class members;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramirez and the FLSA and Rule 23 Class members;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ramirez's and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Ramirez  (and the FLSA and Rule 23 class members);

(l)     Awarding Plaintiff Ramirez and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Ramirez and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL

§§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Ramirez and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Ramirez and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Ramirez and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Ramirez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        March 6, 2018

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                            By:      /s/ Michael Faillace
                                    Michael Faillace [MF-8436]
                                    60 East 42nd Street, Suite 4510
                                    New York, New York 10165
                                    Telephone: (212) 317-1200
                                    Facsimile: (212) 317-1620
                                    *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 26, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                     Domingo Roberto Ramirez Clemente

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      26 de febrero de 2018

*Certified as a minority-owned business in the State of New York*